**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| ALEX RANDALL, | CASE NO: |
| Plaintiff, | COMPLAINT |
| vs. | |
| KING COUNTY, RICHARD C. ROWE; | |
| Defendants. | |

## I.   PARTIES

1. Plaintiff is Alex Randall, a married person who is a resident of King County, Washington.

2. Defendants are King County, Washington; King County Sheriff's Deputy Richard C. Rowe.  All Defendants are believed to be residents of King County, Washington.

## II.   JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1343, and 1367.

3. Venue is properly set within this district pursuant to 28 U.S.C. § 1391.

4. The events upon which this suit is based occurred in this judicial district.

5. Plaintiff is informed and believes, and on that basis alleges, that each of the named defendants resides in this judicial district.

### III.   FACTS

1. On or about August 16, 2017, Plaintiff Alex Randall was riding his motorcycle to work.  Defendant Rowe was behind Plaintiff, driving an unmarked vehicle.

2. After Plaintiff stopped for a traffic light, Defendant Rowe exited his vehicle and approached Plaintiff Randall, with his gun drawn and pointed at Plaintiff.

3. Using profanity, Defendant Rowe threatened to "dump" Plaintiff if Plaintiff attempted to move his motorcycle.  Defendant Rowe than reached into Plaintiff Randall's front pocket and removed his wallet without Plaintiff Randall's consent, while continuing to hold Randall at gunpoint.

4. Defendant Rowe did not properly identify himself as a law enforcement officer.

5. There was no legal justification for a search of Plaintiff Randall.

6. There was no legal justification for Defendant Rowe to draw his firearm or brandish it near Plaintiff Randall.

7. Plaintiff Randall has suffered and continued to suffer psychological harm as the result of this incident.

### IV.   CAUSES OF ACTION

A. **CLAIM PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT ROWE: EXCESSIVE FORCE**



1. In committing the acts complained of, Defendant Rowe acted under color of state law with deliberate indifference to deprive Plaintiff of his constitutionally protected rights to be free from the excessive use of force.

2. The actions of Defendant Rowe were the direct and proximate cause of damages to Plaintiff as alleged in this Complaint.

### B.  MUNICIPAL LIABILITY CLAIM PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT KING COUNTY: FAILURE TO TRAIN

1. Defendant Rowe, acting under color of state law with deliberate indifference, deprived the Plaintiff of his rights to be free from excessive force and wrongful arrest;

2. Defendant King County's training policies were not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

3. Defendant King County was deliberately indifferent to the obvious and foreseeable consequences of its failure to train its police officers adequately; and

4. The failure of Defendant King County to provide adequate training caused the deprivation of the Plaintiff's rights by the Defendant's police; that is, the Defendant's failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

### C.  MUNICIPAL LIABILITY CLAIM PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT KING COUNTY: FAILURE TO SUPERVISE

1. Defendant Rowe, acting under color of state law with deliberate indifference, deprived the Plaintiff of his rights to be free from excessive force and wrongful arrest;

2. Defendant King County's supervision of Defendant Rowe was not adequate to ensure



CARNEY GILLESPIE ISITT PLLP  
600 1st Ave, Suite LL08  
SEATTLE, WA 98104  
MAIN / FAX 206•445•0220  
WEB WWW.CGILAW.COM

that he was able to properly handle the usual and recurring situations with which he must deal;

3. Defendant King County was deliberately indifferent to the obvious and foreseeable consequences of its failure to supervise Defendant Rowe adequately; and

4. The failure of Defendant King County to provide adequate supervision caused the deprivation of the Plaintiff's rights by Defendant Rowe; that is, the Defendant's failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

### V. JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, the Plaintiff hereby demands a trial by a jury.

### VI. PRAYER FOR RELIEF

1. Judgment against the defendants for compensatory damages in an amount to be proven at trial;

2. Judgment against the defendants for punitive damages;

3. An award of costs and attorney's fees, as provided by applicable provisions of federal and state statutory and common law;

4. Injunctive relief to correct the policies and practices of the Defendants that violate applicable Federal and Washington State statutes; and

5. For such other relief as the Court may deem just and equitable.

Date: November 18, 2016           /s/ Christopher Carney
                                  Christopher Carney, WSBA# 30325



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Sean Gillespie, WSBA# 35365
Kenan Isitt, WSBA No. 35317
Attorneys for Plaintiff
600 1st Ave. #LL08
Seattle, WA 98104
Phone & Fax: 206-445-0220
Email: christopher.carney@cgilaw.com

